460 P.2d 634

**John H. BARRY, Superintendent of Schools for Maricopa County, Arizona, Appellant,**

v.

**SCHOOL DISTRICT NO. 210 (PHOENIX UNION HIGH SCHOOL) OF MARICOPA COUNTY, Arizona, Appellee.**

**No. 9669.**

Supreme Court of Arizona.

In Division.

Nov. 6, 1969.

Loretta S. Whitney, Phoenix, for appellant.

Robert K. Corbin, Former County Atty., Moise E. Berger, County Atty., by James P. Cunningham, Special Deputy County Atty., Phoenix, for appellee.

LOCKWOOD, Vice Chief Justice.

This was an action by School District #210 for declaratory judgment against defendant Barry, as County School Superintendent. It was tried by the court on cross motions for summary judgment. The pleadings show the following:

On May 31, 1960, the qualified voters of School District #210 (Phoenix Union High School) approved the issuance and sale of sixteen million dollars ($16,000,-000.00) in bonds. Among other things, the bonds were "to provide for the construction of a District Administration Building * * *." The District Board of Trustees certified the voters' approval of the bond issue on June 7, 1960.

By November 1966, the administration building, the cost of which was estimated at $1,500,000.00, had not been built and funds significantly less than this amount remained in the bond account. However, since the bond election the District had included in its budget submitted to the County Board of Supervisors a request to levy an additional ten cents per one hundred dollars of assessed property valuation for a building fund under authority of A.R.S. § 15–445, subsec. B, which request was complied with. At the time of filing of the motions for summary judgment there was an accumulation of an amount in excess of $1,-033,000.00 in the ten cent levy fund.

Preliminary work on the administration building was begun, and on November 16, 1966, the District School Board sent to appellant Special Fund Voucher No. 1. This requested him to issue a warrant against the accumulated ten cent levy funds for payment of construction costs for the administration building. Superintendent Barry issued a warrant in accordance with the request.

In January, 1967, Special Fund Voucher No. 2 was drawn requesting more construction payments from the ten cent levy funds. Appellant refused to draw the warrant against the ten cent levy funds but instead drew it against the remaining bond funds. Additionally, he adjusted his records so that Special Fund Voucher No. 1 was also charged against bond funds and not ten cent levy funds. At this point this action was commenced.

The Superior Court, as a matter of law, found that "funds derived from a lawful levy pursuant to Subsection B of Section 15–445, A.R.S., are available to aid in the construction of the Administration Building * * *" and entered summary judgment for the School District. Superintendent Barry appealed from this judgment.

This appeal presents three questions for review. First, is the ten cent levy, as authorized by A.R.S. § 15–445, subsec. B, a "special assessment" within Arizona's constitutional provision, art. 7, § 13, A.R.S., requiring that special assessments be approved by a vote of real property taxpayers, or is it merely a "tax" which does not require voter approval?

The terms "tax" and "special assessment" are often used interchangeably and therefore confused, but there is a distinction between them. Previously this Court has defined the word "tax" as "a forced contribution of wealth to meet the public needs of the government." Stewart v. Verde River Irrigation and Power Dist., 49 Ariz. 531, 544, 68 P.2d 329, 334 (1937). "Special assessment" has been defined as "an assessment against real property based on the proposition that, due to a public improvement of some nature, such real property has received a benefit." State v. Carney, 166 Ohio St. 81, 83, 139 N.E.2d 339, 340 (1956). The distinction between the two is that a "tax" is levied against all similarly situated property for

purposes which will benefit the public generally. A "special assessment" is levied only against specific property which is the property benefited by the improvement.

Monies derived via these levies only benefit the taxed property generally, by providing education for the general public in the entire area taxed. We hold therefore that levies made pursuant to A.R.S. § 15–445, subsec. B are "taxes" and not "special assessments". Thus they are not in violation of the Arizona Constitution, art. 7, § 13.

The second question presented is, if the levy is a tax and not a special assessment, may the board of trustees use these funds without a vote in the District to supplement previously approved bond funds? Appellant argues that even if the ten cent levy is not an unconstitutional special assessment, it is contra to the statute itself to allow funds accumulated under its authority to be spent for supplementing bond funds without first obtaining approval from the voters in the District. We agree with this contention.

At the time this action was commenced, the pertinent portions of the statute involved read as follows:

"§ 15–445. *Control of school property; items which may be included in annual budget; accumulation of ten cent levy*

"A. The board of trustees shall:

\* \* \* \* \* \*

"4. Construct school buildings when directed to do so by a vote of the district.

\* \* \* \* \* \*

"6. Purchase or sell school sites when authorized by a vote of the district, but such authorization shall not necessarily specify the site to be purchased.

\* \* \* \* \* \*

"B. The board may include in its annual budget items for:

"1. The purchase of sites, improvement of school grounds, erecting, purchasing, improving and furnishing of school buildings and appurtenances, \* \* \*."

Appellee argues that subsection B, above, is completely separate from the rest of the statute and therefore ten cent levy funds may be used to construct school buildings without additional voter approval by supplementing previously approved bond funds. We do not so construe this statute.

Both subsections A and B must be read together. Subsection B provides that the Board of Trustees may include in its annual budget certain enumerated items without first seeking voter approval. Subsection A, however, requires authorization by a vote of the district before the Board may construct school buildings.

The last question presented by appellant is whether A.R.S. §§ 15–1302, 1303, and 1304, when read together, restrict and limit a school district to the exact terms of the bond issue as approved by the voters? Section 15–1302 provides among other things for calling of a special election to decide whether to issue bonds to build school houses. Section 15–1303 provides the method of calling the election, including notice of the *purpose* and place of holding the election and the *amount* of the bonds. Section 15–1304 provides for canvass and certification of the vote to the Board of Supervisors.

Appellee poses the question to be here resolved somewhat differently from appellant. It is set forth as follows:

"Does the authorization by the electors of the Phoenix Union High School District in a bond election for the construction, which included among other facilities, a school administration building, entitle the Board of Education to seek funds pursuant to A.R.S. § 15–445 (ten cent levy funds), when the amount provided in said bond election proved insufficient to cover the cost of construction of said administration building?"

Appellee then argues that the two statutes, i. e. § 15–445 and § 15–1302, must be read in conjunction with each other. The inference is that when the electors of the district have voted to expend money to con-

**142**

struct a school building, either by approval of a bond issue, or by a vote directing expenditure from ten cent levy funds, there is sufficient compliance with both statutes in case a deficiency exists in bond proceeds, for the school trustees to apply ten cent levy funds thereon. Otherwise, says appellee, the District would be precluded from employing the use of ten cent levy funds when the Legislature has specifically authorized it to do so.

The flaw in this logic is apparent. The District is not precluded from using ten cent levy funds. The trustees are authorized to construct school buildings under the specific provisions of subsection A, par. 4. of § 15–445, supra, which limits the authority by requiring a vote of the district therefor.

While we agree that under both statutes a vote of the district is required to authorize construction of school buildings, the methods of acquiring the funds are different, and in the case of issuance of bonds the voters have a voice in determining how much is to be expended for construction costs. Because of a fluctuating market, anticipated costs may rise appreciably during construction. The district electors may approve a construction program of a specific amount represented by the bonds for purposes enumerated in the bond proposal but may not wish to increase the amount even if insufficient to meet increased costs. In such event, the construction program would necessarily have to be limited to the bond proceeds. If the electors wish to meet increased construction costs, they of course may do so by voting to use ten cent levy funds. On the other hand, they may wish to apply the latter funds when accumulated, to other specific building programs.

In any event, it is our opinion that the Legislature intended to permit two alternative plans for financing school building construction, each involving a separate approval by vote of the district electors. School Dist. No. 1, Apache County v. Whiting, 56 Ariz. 334, 107 P.2d 1075 (1940),

recognizes the two alternative methods, but does not determine that a district vote approving a bond issue may be taken as an affirmative directive to supplement bond proceeds by funds accumulated by the ten cent levy method, without requiring a separate vote authorizing expenditure of the latter funds.

We hold that, reading §§ 15–1302, 1303 and 1304 together, it is evident the power of the school district is limited to the terms as to amount and purpose of the bonds when approved, and that the power of the district to expend the ten cent levy funds under § 15–445 may only be exercised by a specific vote submitted to the electors on that question.

Judgment of the Superior Court reversed and remanded with directions to grant appellant's motion for summary judgment.

UDALL, C. J., and STRUCKMEYER, J., concur.